**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
Spartanburg Division

| | | |
|---|---|---|
| DAVID BLANKENSHIP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| SINAI EXPRESS, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, David Blankenship, by and through undersigned counsel, herein states his Complaint against Defendant Sinai Express, LLC on the grounds and in the amount hereinafter set forth:

## NATURE OF THE ACTION

This action arises from a motor-vehicle collision that occurred on October 4, 2018, within Frederick County, Virginia. As alleged with greater particularity in Paragraphs 1 through 72 below, Plaintiff alleges that the October 4, 2018 motor-vehicle collision, as well as Plaintiff's damages flowing therefrom, occurred due to the negligence of Defendant's employee-driver, Defendant's negligent supervision of its employee-driver, retention of its employee-driver, hiring of its employee-driver, entrustment of its motor-vehicle to its employee driver, training of its employee-driver, and maintenance of its motor-vehicle.

## PARTIES

1. Plaintiff is a citizen and resident of the Commonwealth of Virginia, and resides at 12370 Hunters Grove Road, Manassas, Virginia 20112.

2. Defendant is a limited liability company incorporated in the State of South Carolina, with a principal office located at 349 Evie Brittain Court, Wellford, South Carolina 29385.

3. Defendant is an interstate trucking company (USDOT No. 2925086) which does interstate business hauling freight, household goods, motor-vehicles, and providing towing services.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over this action.

5. This Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens and/or companies of different states.

6. Venue is proper in the District of South Carolina, pursuant to 28 U.S.C. § 1391, because Defendant is a resident of and has its principal place of business in this district.

## STATEMENT OF FACTS AND CLAIMS/FACTS COMMON TO ALL CLAIMS

7. On October 4, 2018, at approximately 1:45 p.m., Plaintiff owned and operated a motor-vehicle traveling northbound on I-81, at or near mile maker 323.60, in Frederick County, Virginia.

8. At the same time, Danil Byndyu—an employee of Defendant—was operating a semi-truck/commercial motor-vehicle which was owned by Defendant, and which was also traveling northbound on I-81, directly behind Plaintiff.

9. At said time and place, Danil Byndyu operated Defendant's semi-truck with the express permission and consent of Defendant, and was acting as the agent, servant, and/or employee of Defendant.

10. At said time and place, Danil Bydnyu was operating Defendant's semi-truck within the scope of his employment with Defendant, which included carrying freight and goods across various states for and on behalf of Defendant.

11. Immediately thereafter, as Plaintiff and Danil Byndyu operated their respective vehicles northbound on I-81, at or near mile marker 323.60, in Frederick County, Virginia, Defendant's semi-truck violently rear-ended Plaintiff's motor-vehicle, causing Plaintiff severe injuries and damages.

## COUNT I – RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

12. Plaintiff adopts and incorporates verbatim the facts and allegations contained within Paragraphs 1-11 into Count I of this Complaint.

13. At the time of the October 4, 2018 motor-vehicle collision, Danil Byndyu owed Plaintiff a duty to operate Defendant's semi-truck with reasonable care under the circumstances, and with due regard for others using the road, including Plaintiff.

14. Notwithstanding that duty, Danil Byndyu was negligent, careless, and reckless in the operation of Defendant's semi-truck. Due to such negligent, careless, and reckless operation, Danil Byndyu caused a violent rear-end collision with Plaintiff's motor-vehicle.

15. Danil Byndyu was negligent in that he (a) followed too closely, (b)) failed to give full time and attention to the safe operation of Defendant's semi-truck, (c) failed to keep Defendant's semi-truck under proper control, (d) failed to maintain a proper lookout, (e) failed to control his speed to avoid colliding with Plaintiff's motor-vehicle, (f) operated Defendant's semi-truck in a careless manner, and (g) operated Defendant's semi-truck in a reckless manner.

16. Additionally, § 46.2-852 of the Virginia Code imposes a specific duty of care and protection upon Danil Byndyu. This code section states: "Irrespective of the maximum

3

speeds permitted by law, any person who drives a vehicle on any highway recklessly or at a speed or in a manner so as to endanger the life, limb, or property of any person shall be guilty of reckless driving." *Id.*

17. This code section is designed to promote and protect the health and safety of those using the roadways of the Commonwealth of Virginia. At the time of the October 4, 2018 motor-vehicle collision, Plaintiff was a member of the class of persons for whose benefit and protection this code section was enacted.

18. Danil Byndyu breached the duty of care and protection imposed upon him by § 46.2-852 by operating Defendant's semi-truck recklessly, and at a speed and in a manner so as to endanger the lives, limbs, and property of other using the roadways. Danil Byndyu's violation of § 46.2-852 was negligence per se.

19. Additionally, § 46.2-853 of the Virginia Code imposes a specific duty of care and protection upon Danil Byndyu. This code section states: "A person shall be guilty of reckless driving who drives a vehicle which is not under proper control, or which has inadequate or improperly adjusted brakes on any highway in the Commonwealth." *Id.*

20. This code section is designed to promote and protect the health and safety of those using the roadways of the Commonwealth of Virginia. At the time of the October 4, 2018 motor-vehicle collision, Plaintiff was a member of the class of persons for whose benefit and protection this code section was enacted.

21. Danil Byndyu breached the duty of care and protection imposed upon him by § 46.2-853 by operating Defendant's semi-truck while it was not under proper control. Danil Byndyu knew or should have known that the semi-trucks brakes were inadequate or improperly adjusted. Danil Byndyu's violation of § 46.2-853 was negligence per se.

22. As a direct and proximate cause of Danil Byndyu's negligence, to include his violations of § 46.2-852 and § 46.2-853 , Plaintiff sustained serious bodily injuries, incurred expenses for medical care and treatment, and lost time and money from his employment. Additionally, as a result of the motor-vehicle collision and his bodily injuries, Plaintiff experienced, and continues to experience, pain, suffering, and emotional distress.  The harm suffered by Plaintiff was of the type that § 46.2-852 and § 46.2-853 were designed to protect against.

23. At the time of the October 4, 2018 motor-vehicle collision, Defendant maintained an employer-employee relationship with Danil Byndyu, Danil Byndyu was conducting Defendant's business, and Danil Byndyu was acting within the scope of his employment with Defendant.

24. At the time of the October 4, 2018 motor-vehicle collision, Danil Byndyu actions—namely driving Defendant's semi-truck along I-81 to transport freight and goods—were expressly or impliedly directed by Defendant, and were performed with the intent to further Defendant's interests.

25. Defendant is liable for the negligence, to include negligence per se, of its employee Danil Byndyu.

## COUNT TWO – NEGLIGENT HIRING

26. Plaintiff adopts and incorporates verbatim the facts and allegations contained within Paragraphs 1-25 into Count II of this Complaint.

27. Defendant owed a duty to Plaintiff, as well as other third-parties, to exercise reasonable care in the hiring of its employees, and to avoid hiring improper persons in work involving an unreasonable risk of harm to others.

28. Defendant breached this duty to Plaintiff by hiring Danil Byndyu, who was unqualified to operate semi-trucks and incapable of operating semi-trucks safely, which create an unreasonable risk of harm to Plaintiff and others sharing the roadway with Danil Byndyu.

29. Defendant knew, or should have discovered through a reasonable investigation, before or at the time of hiring, that Danil Byndyu was unqualified to operate semi-trucks and incapable of operating semi-trucks safely.

30. At the time Danil Byndyu was hired by Defendant, the Defendant knew or should have known that Danil Byndyu posed a threat to injury to others on the road, and it was foreseeable to Defendant that Danil Byndyu would cause injury to others.

31. Defendant's decision to hire Danil Byndyu constituted negligence. Defendant's negligent hiring of Danil Byndyu was the proximate cause of harm suffered by Plaintiff.

32. As a result of Defendant's negligent hiring, Plaintiff sustained serious bodily injuries, incurred expenses for medical care and treatment, and lost time and money from his employment. Additionally, as a result of the motor-vehicle collision and his bodily injuries, Plaintiff experienced, and continues to experience, pain, suffering, and emotional distress.

### COUNT THREE – NEGLIGENT RETENTION

33. Plaintiff adopts and incorporates verbatim the facts and allegations contained within Paragraphs 1-32 into Count III of this Complaint.

34. Defendant owed a duty to Plaintiff, as well as other third-parties, to terminate dangerous employees, and employees who Defendant knew or should have known were likely to harm others.

35. Defendant breached this duty to Plaintiff by failing to terminate Danil Byndyu before Danil Byndyu cased harm to Plaintiff, although Defendant knew or should have known that Danil Byndyu was dangerous and likely to cause harm to others.

36. Defendant knew or should have known that Danil Byndyu was unqualified to operate semi-trucks and incapable of operating semi-trucks safely.

37. It was foreseeable to Defendant that Danil Byndyu would cause harm to third-parties sharing the roadways with him if Defendant did not terminate his employment.

38. Defendant's decision to retain Danil Byndyu constituted negligence. Defendant's negligent retention of Danil Byndyu was the proximate cause of harm suffered by Plaintiff.

39. As a result of Defendant's negligent retention, Plaintiff sustained serious bodily injuries, incurred expenses for medical care and treatment, and lost time and money from his employment. Additionally, as a result of the motor-vehicle collision and his bodily injuries, Plaintiff experienced, and continues to experience, pain, suffering, and emotional distress.

## COUNT FOUR – NEGLIGENT ENTRUSTMENT

40. Plaintiff adopts and incorporates verbatim the facts and allegations contained within Paragraphs 1-39 into Count IV of this Complaint.

41. Defendant owed a duty to Plaintiff, as well as other third-parties, to exercise reasonable care when entrusting its motor-vehicles to its employees and other permissive users.

42. Further, Defendant owed a heightened duty to Plaintiff, as well as other third-parties, entrust its dangerous instrumentalities, such as its semi-trucks, to employee drivers that are fit, experienced, responsible, safe, qualified drivers, so as not to unreasonably endanger

others in the operation of such dangerous instrumentality within the scope of the driver's employment.

43. Defendant breached this duty to Plaintiff when it entrusted its semi-truck to Danil Byndyu, although Defendant knew, or had reason to know, that it was entrusting its semi-truck to an unfit, inexperienced, irresponsible, unsafe, and unqualified driver.

44. Defendant knew or should have known that Danil Byndyu was unqualified to operate semi-trucks and incapable of operating semi-trucks safely.

45. Defendant expressly permitted its employee Danil Byndyu to operate its semi-truck at the time of the collision.

46. As a result of Danil Byndyu's inability to operate Defendant's semi-truck safely, Danil Byndyu was negligent and caused a collision with Plaintiff.

47. Defendant's negligent entrustment, and Danil Byndyu's ensuing negligent operation of the semi-truck, were the proximate causes of the harm suffered by Plaintiff.

48. As a result of Defendant's negligent entrustment, and Danil Byndyu's ensuing negligent operation of the semi-truck, Plaintiff sustained serious bodily injuries, incurred expenses for medical care and treatment, and lost time and money from his employment. Additionally, as a result of the motor-vehicle collision and his bodily injuries, Plaintiff experienced, and continues to experience, pain, suffering, and emotional distress.

### COUNT FIVE – NEGLIGENT TRAINING

49. Plaintiff adopts and incorporates verbatim the facts and allegations contained within Paragraphs 1-48 into Count V of this Complaint.

50. Defendant owes a duty to Plaintiff, as well as other third-parties, to exercise reasonable care in the training of its employees, to train its employees to understand the risks involved

with its employment, to include the risks involved with operating semi-trucks, and to train its employees in the operation of its semi-trucks so as to avoid the risks involved in their operation.

51. Defendant breached this duty to Plaintiff by failing to properly train Danil Byndyu to understand the risks involved with the operation of its semi-trucks, and by failing to properly train Danil Byndyu in the operation of its semi-trucks.

52. Defendant knew or should have known that Danil Byndyu was unqualified to operate semi-trucks and incapable of operating semi-trucks safely.

53. Defendant knew or should have known that Danil Byndyu did not understand the risks involved with the operation of semi-trucks, and did not know how to properly operate semi-trucks. All of the risks associated with the operation of semi-trucks were not obvious to Danil Byndyu.

54. Defendant knew or should have known that its failure to properly train Danil Byndyu was likely to cause harm to others sharing the roadway with Danil Byndyu.

55. Defendant's negligent training was the proximate cause of the harm suffered by Plaintiff.

56. As a result of Defendant's negligent training, Plaintiff sustained serious bodily injuries, incurred expenses for medical care and treatment, and lost time and money from his employment. Additionally, as a result of the motor-vehicle collision and his bodily injuries, Plaintiff experienced, and continues to experience, pain, suffering, and emotional distress.

### COUNT SIX – NEGLIGENT MAINTENANCE & INSPECTION

57. Plaintiff adopts and incorporates verbatim the facts and allegations contained within Paragraphs 1-56 into Count VI of this Complaint.

9

58. Defendant owed a duty to Plaintiff, as well as other third-parties, to exercise reasonable care in the maintenance of its semi-trucks, so as to ensure that the semi-trucks are in reasonably safe conditions for their contemplated use when entrusted to Defendant's employees.

59. Defendant also owed a duty to Plaintiff, as well as other third-parties, to exercise reasonable care in the inspection of its semi-trucks, so as to ensure that the semi-trucks are in reasonably safe conditions for their contemplated use when entrusted to Defendant's employees.

60. Defendant breached its duty to Plaintiff by failing to maintain its semi-truck in a reasonably safe condition before entrusting it to Danil Byndyu.  Defendant also breached its duty to Plaintiff by failing to inspect its semi-truck to ensure it was in a reasonably safe condition before entrusting it to Danil Byndyu.

61. Defendant's semi-trucks are dangerous instrumentalities, especially when in a state of disrepair.  When Defendant entrusted Danil Byndyu with its semi-truck, the semi-truck was in a state of disrepair.  At the time of the collision, Defendant's semi-truck was maintained with defective brakes.

62. Defendant knew or should have known that the semi-truck's brakes were defective at the time the semi-truck was entrusted to Danil Byndyu.  An inspection of the semi-truck's brakes would have revealed the defect.

63. Defendant's failure to maintain its semi-truck in a reasonably safe condition and its failure to inspect the semi-truck were the proximate causes of the harm suffered by Plaintiff.

64. Additionally, § 46.2-1066 of the Virginia Code imposes a specific duty of care and protection upon Defendant.  This code section states: "Every motor vehicle when driven

on a highway shall be equipped with adequate brakes to control the movements of and to stop and hold such vehicle. The brakes shall be maintained in good working order and shall conform to the provisions of this article." *Id.*

65. This code section is designed to promote and protect the health and safety of those using the roadways of the Commonwealth of Virginia. At the time of the October 4, 2018 motor-vehicle collision, Plaintiff was a member of the class of persons for whose benefit and protection this code section was enacted.

66. Defendant breached the duty of care and protection imposed upon him by § 46.2-1066 by failing to maintain the brakes of its semi-truck in good working order. Defendant's violation of § 46.2-1066 was negligence per se.

67. As a result of Defendant's negligent maintenance and inspection, to include its violation of § 46.2-1066, Plaintiff sustained serious bodily injuries, incurred expenses for medical care and treatment, and lost time and money from his employment. Additionally, as a result of the motor-vehicle collision and his bodily injuries, Plaintiff experienced, and continues to experience, pain, suffering, and emotional distress.

**COUNT SEVEN – PUNITIVE DAMAGES**

68. Plaintiff adopts and incorporates verbatim the facts and allegations contained within Paragraphs 1-67 into Count VII of this Complaint.

69. Danil Byndyu's actions leading up to and causing the collision constituted willful and wanton negligence. Danil Byndyu acted in conscious disregard for Plaintiff's rights and acted with reckless indifference to the consequences. At the time of the collision, Danil Byndyu was aware that his reckless operation of the semi-truck would likely cause harm to others sharing the roadway.

70. Defendant is liable for punitive damages arising from Danil Byndyu's willful and wanton negligence because Danil Byndyu was acting within the scope and course of his employment with Defendant at the time of his willful and wanton negligence.

71. Defendant's actions leading up to and causing the collision, to include Defendant's negligent hiring, retention, entrustment, training, maintenance, and inspection, also constituted willful and wanton negligence. Defendant acted in conscious disregard for Plaintiff's rights and acted with reckless indifference to the consequences. At the time of the collision, Defendant was aware that its reckless failures in hiring, training, and retaining Danil Byndyu, its failures in maintaining and inspecting its semi-trucks, and its failure in entrusting its semi-truck to Danil Byndyu would likely cause harm to others sharing the roadway with Danil Byndyu. Defendant's pattern of negligence constituted a callous indifference to the safety of Plaintiff, and an utter lack of concern as the harm it was likely to cause.

72. Defendant is liable for punitive damages for its willful and wanton negligence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Blankenship respectfully moves this Honorable Court for judgment against Defendant Sinai Express, LLC for compensatory damages in the amount of $3,000,000.00 (three million) and punitive damages in the amount of $350,000.00 (three hundred and fifty thousand), plus all taxable costs, pre-judgment interest beginning from the date of the subject incident, post-judgment interest, and for such other and further relief as the court and jury deem just and appropriate.

Respectfully submitted,

s/Frederick I. Hall, III_____
The Rick Hall Law Firm, LLC
By Frederick I. Hall, III
301 Gibson Road
Lexington, S.C. 29072
803- 957-5333
rick@sctrialattorneys.com
USDCT Bar No. 7941
Counsel for the Plaintiff

Boris Kuperman, Esq., VSB No. 91811
David Salzer, Esq., VSB No. 94976
Gore & Kuperman, PLLC
4160 Chain Bridge Road
Fairfax, Virginia 22030
703-385-7300 – Phone; 703-272-7900 – Fax
mgorelaw@aol.com
Counsel for Plaintiff- Pro Hac Vice
Application Pending

August 24, 2021